CHRISTOPHER A. NEDEAU (CA SBN 81297)
CARL L. BLUMENSTEIN (CA SBN 124158)
KEVIN T. COLLINS (CA SBN 185427)
PATRICK RICHARD (CA SBN 131046)
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA  94111
Tel:     415.398.3600
Fax:     415.398.2438
cnedeau@nossaman.com
cblumenstein@nossaman.com
kcollins@nossaman.com

Attorneys for Defendants
AU OPTRONICS CORPORATION and
AU OPTRONICS CORPORATION AMERICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>Case No. 3:11-cv-04116 SI | Master File No:     3:07-md-1827 SI<br>Case No:            3:11-cv-04116 SI<br>MDL No:  1827 |
| HEWLETT-PACKARD COMPANY<br><br>          Plaintiff,<br><br>     vs.<br><br>AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION AMERICA, and QUANTA DISPLAY INC.,<br><br>          Defendants. | **ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>REDACTED |

125472_2.DOC

Master File No: 3:07-md-1827 SI
Case No. 3:11-cv-04116 SI

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Defendants AU Optronics Corporation and AU Optronics Corporation America (collectively, the "AUO Defendants"), by and through their undersigned counsel, answer the Complaint for Damages and Injunctive Relief (the "Complaint") of Hewlett-Packard Company ("Plaintiff") and allege additional or affirmative defenses as follows. The AUO Defendants deny each and every allegation in the Complaint not contained in numbered paragraphs. To the extent the Complaint's allegations concern persons and/or entities other than the AUO Defendants, the AUO Defendants deny that such allegations support any claim for relief against the AUO Defendants.

## I. INTRODUCTION

1. <u>Plaintiff's Allegation</u>. HP brings this action to recover damages against Defendants who, together with their co-conspirators, control most of the production and sale of thin film transistor liquid crystal display panels ("TIF-LCD Panels") sold in the United States and elsewhere.

1. **AUO Defendants' Response:** To the extent the allegations of Paragraph 1 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them. To the extent the allegations in Paragraph 1 relate to the AUO Defendants, the AUO Defendants deny them.

2. <u>Plaintiff's Allegation</u>. Defendants and their co-conspirators illegally conspired, combined, and agreed to fix, raise, maintain, and stabilize the prices of TFT-LCD Panels and to restrict the output of TFT-LCD Panels from at least January 1, 1996 through at least December 11, 2006 (the "Conspiracy Period"). Defendants and their co-conspirators engaged in hundreds of in-person meetings, telephone calls, e-mails, and other communications in the United States and abroad to exchange pricing and other competitive information to be used in fixing the prices for TFT-LCD Panels sold to U.S. companies such as HP, Dell, Apple, Motorola, and others.

2. **AUO Defendants' Response:** To the extent the allegations of Paragraph 2 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them. To the extent the allegations in Paragraph 2 relate to the AUO Defendants, the AUO Defendants deny them.

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

3.      <u>Plaintiff's Allegation</u>.  Defendants and their co-conspirators reached into the United States from abroad to injure HP.  They targeted HP in the United States, reached agreements with HP in the United States, and caused economic loss to HP in the United States.  Defendants and their co-conspirators maintained U.S. offices and had U.S. marketing, sales, and account management teams specifically designated to handle HP's account.  Defendants and their co-conspirators coordinated and reached agreement among themselves in the United States (in particular, California and Texas) to sell price-fixed TFT-LCD Panels to HP.  Defendants and their co-conspirators negotiated and reached agreement with HP in the United States for the purchase of TFT-LCD Panels at artificially inflated prices.  Then, pursuant to the terms of those U.S.- negotiated agreements, panels were delivered abroad to an HP subsidiary and to HP's contract manufacturers for incorporation into finished products destined for consumers in the United States and elsewhere.

3.      **AUO Defendants' Response:**  To the extent the allegations of Paragraph 3 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 3 relate to the AUO Defendants, the AUO Defendants deny them.

4.      <u>Plaintiff's Allegation</u>.  At least seven TFT-LCD Panel manufacturers have admitted that they took part in a conspiracy to unlawfully fix the prices of TFT-LCD Panels.  On November 12, 2008, the United States Department of Justice ("DOJ") announced that Sharp Corporation, Chunghwa Picture Tubes, Ltd., and LG Display Co., Ltd. (and its wholly owned subsidiary, LG Display America, Inc.) agreed to plead guilty to violating Section 1 of the Sherman Act (15 U.S.C. § 1) for conspiring to fix the prices of TFT-LCD Panels.  These companies agreed to pay criminal fines of $585 million.  On March 10, 2009, the DOJ announced that Hitachi Displays Ltd. agreed to plead guilty and pay a $31 million fine for its role in the conspiracy to fix the prices of TFT-LCD Panels.  On August 25, 2009, Epson Imaging Devices Corporation agreed to plead guilty and pay a $26 million fine.  On January 6, 2010, Chi Mei Optoelectronics Corporation pled guilty and agreed to pay a $220 million fine.  On June 29, 2010, the DOJ announced that HannStar Display Corporation agreed to plead guilty and pay a $30 million fine.  Since November 12, 2008, numerous executives of the foregoing companies have pled

guilty to price fixing or have been indicted.  To date, the price-fixing companies have agreed to pay criminal fines of more than $890 million.  The DOJ's criminal investigation is ongoing.

4.     **AUO Defendants' Response:**  To the extent the allegations in Paragraph 4 are based on reports or statements by government authorities, those reports speak for themselves and no response is required.  To the extent the allegations in Paragraph 4 may be deemed to require a response, the AUO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore deny them.

5.     Plaintiff's Allegation.  By targeting HP in the United States, maintaining U.S. teams for HP's account, engaging in conspiratorial meetings and communications in the United States, and negotiating a single, worldwide price at HP's facilities in the United States—a price which dictated the terms on which the panels were purchased abroad by HP subsidiaries and contract manufacturers— Defendants and their co-conspirators caused HP to pay artificially inflated prices for TFT-LCD Panels that it purchased during the Conspiracy Period.  Defendants and their co-conspirators caused TFT-LCD Panel prices to far exceed the prices that HP would have paid if the prices for TFT-LCD Panels had been determined by a competitive market.  Thus, HP suffered damages from purchases of TFT-LCD Panels from Defendants and their co-conspirators.

5.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 3 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 3 relate to the AUO Defendants, the AUO Defendants deny them.

## II.     JURISDICTION AND VENUE

6.     Plaintiff's Allegation.  HP brings this action under Section 1 of the Sherman Act, 15 U.S.C. § 1, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to obtain treble damages and injunctive relief, as well as reasonable attorneys' fees and costs, against Defendants.

6.     **AUO Defendants' Response:**  Paragraph 6 consists of Plaintiff's description of its claims to which no response is required.  Paragraph 6 also contains legal conclusions to which no

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   response is required.  To the extent a response is deemed required, the AUO Defendants deny the

2   allegations of Paragraph 6 and deny that Plaintiff is entitled to any of the relief it seeks.

3          7.    <u>Plaintiff's Allegation</u>.  HP also brings this action pursuant to the California Cartwright

4   Act, Cal. Bus. & Prof Code §§ 16700 et seq., and the California Unfair Competition Law, Cal. Bus. &

5   Prof. Code §§ 17200 et seq., for injunctive relief and damages that HP sustained as a result of

6   Defendants' violation of federal and state antitrust and unfair competition laws.  With its headquarters

7   and substantial operations in Palo Alto, California, HP has a significant presence in California.  As the

8   parent corporation in the United States that reports consolidated financial results, HP suffered the

9   financial injury from the illegal price-fixing conspiracy alleged herein in California.  In addition, during

10  and after the Conspiracy Period, HP negotiated and entered into agreements to purchase TFT-LCD

11  Panels in California.  Representatives of Defendants and their co-conspirators and their U.S.-based

12  subsidiaries and affiliates negotiated and supported sales of TFT-LCD Panels to HP from their sales

13  offices in California and other parts of the United States.  Moreover, Defendants and their co-

14  conspirators effectuated the illegal price-fixing conspiracy alleged herein through a combination of

15  group and bilateral communications that took place in California and other parts of the United States, as

16  well as abroad.  For these reasons, HP is entitled to the protection of the California Cartwright Act and

17  the California Unfair Competition Law.

18         7.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 3 relate to

19  Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

20  belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 3 relate to the

21  AUO Defendants, the AUO Defendants deny them.

22         8.    <u>Plaintiff's Allegation</u>.  HP also brings this action pursuant to the Texas Free Enterprise

23  and Antitrust Act of 1983, Tex. Bus. & Com. Code §§ 15.01 et seq., to obtain treble damages and

24  injunctive relief, as well as reasonable attorneys' fees and costs, against Defendants.  HP has substantial

25  operations in Houston, Texas and has a significant presence in Texas.  In addition, during and after the

26  Conspiracy Period, HP negotiated and entered into agreements to purchase TFT-LCD Panels in Texas.

27  HP's procurement team based in Houston, Texas negotiated prices and quantities for all purchases of

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

TFT-LCD Panels from HP's offices in Houston, Texas.  Representatives of Defendants and their co-conspirators and their U.S.-based subsidiaries and affiliates negotiated and supported sales of TFT-LCD Panels to HP from their sales offices in Texas and other parts of the United States.  Moreover, Defendants and their co-conspirators effectuated the price-fixing conspiracy alleged herein through a combination of group and bilateral communications that took place in Texas and other parts of the United States, as well as abroad.  For these reasons, HP is entitled to the protection of the Texas Free Enterprise and Antitrust Act of 1983.

8. **AUO Defendants' Response::**  To the extent the allegations of Paragraph 3 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 3 relate to the AUO Defendants, the AUO Defendants deny them.

9. Plaintiff's Allegation.  This Court has jurisdiction over HP's claims under Section 1 of the Sherman Act and Sections 4 and 16 of the Clayton Act pursuant to 28 U.S.C. § 1331 and 1337.

9. **AUO Defendants' Response:**  Paragraph 9 contains legal conclusions to which no response is required.  To the extent a response is deemed required, the AUO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny them.

10. Plaintiff's Allegation.  This Court has supplemental jurisdiction over HP's claims under the California Cartwright Act, the California Unfair Competition Law, and the Texas Free Enterprise and Antitrust Act pursuant to 28 U.S.C. § 1367.  These state law claims are so related to HP's claims under Section 1 of the Sherman Act and Sections 4 and 12 of the Clayton Act that they form part of the same case or controversy.

10. **AUO Defendants' Response:**  Paragraph 10 contains legal conclusions to which no response is required.  To the extent a response is deemed required, the AUO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny them.

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    11.    <u>Plaintiff's Allegation</u>.  The activities of Defendants and their co-conspirators, as

2    described herein, directly involved U.S. import trade or commerce.  Defendants and their co-

3    conspirators knew that their price-fixed TFT-LCD Panels would be incorporated into products

4    containing TFT-LCD Panels ("TFT-LCD Products") sold in the United States.  Defendants and their co-

5    conspirators knowingly and intentionally sent price-fixed TFT-LCD Panels and TFT-LCD Products into

6    a stream of commerce that led directly into the United States.  This conduct by Defendants and their co-

7    conspirators was meant to produce and did in fact produce artificially-inflated prices in the United States

8    for TFT-LCD Panels and TFT-LCD Products.

9    11.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 11 relate to

10   other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to

11   their truth, and therefore deny them.  To the extent the allegations in Paragraph 11 relate to the AUO

12   Defendants, the AUO Defendants deny them.

13   12.    <u>Plaintiff's Allegation</u>.  At all times, Defendants and their co-conspirators were fully

14   aware that the artificially inflated prices they negotiated with HP would govern the deliveries of TFT-

15   LCD Panels to HP's subsidiary and contract manufacturers abroad, and that a large percentage of those

16   TFT-LCD Panels would be incorporated into TFT-LCD Products and immediately shipped into the

17   United States for sale in the United States.

18   12.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 12 relate to

19   Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

20   belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 12 relate to

21   the AUO Defendants, the AUO Defendants deny them.

22   13.    <u>Plaintiff's Allegation</u>.  Defendants and their co-conspirators who have entered guilty

23   pleas in connection with the conspiracy alleged herein have acknowledged that their illegal activities

24   affected imports into the United States and had a substantial effect on American import trade and import

25   commerce.  They have expressly admitted that "[TFT-LCD Panels] affected by [their] conspiracy [were]

26   sold by one or more of the conspirators to customers in [the Northern District of California]."

27

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

13.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 13 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 13 relate to the AUO Defendants, the AUO Defendants deny them.

14.     Plaintiff's Allegation.  Defendants' and their co-conspirators' illegal conduct had a direct, substantial, and reasonably foreseeable effect on U.S. domestic trade or commerce.  Defendants' and their co-conspirators' illegal conduct caused HP to enter into agreements to purchase TFT-LCD Panels at supra-competitive prices – prices that were the product of collusion.  These negotiations and agreements in the United States resulted in the delivery of TFT-LCD Panels to HP's subsidiary and contract manufacturers abroad at the higher prices determined in the United States, thereby causing overcharges to be incurred and directly giving rise to HP's antitrust claims.

14.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 14 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 14 relate to the AUO Defendants, the AUO Defendants deny them.

15.     Plaintiff's Allegation.  The activities of Defendants and their co-conspirators, as described herein, were within the flow of, were intended to, and did have a direct and substantial effect on commerce in California and Texas.  HP maintained its headquarters in California, and it had substantial operations, including its procurement team, in Texas during and after the Conspiracy Period.  Defendants' and their co-conspirators' conspiracy directly and substantially affected the price of TFT-LCD Panels and TFT-LCD Products purchased in California and Texas.

15.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 15 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 15 relate to the AUO Defendants, the AUO Defendants deny them.

16.     Plaintiff's Allegation.  This Court has personal jurisdiction over Defendants because, as alleged below, Defendants and their agents and co-conspirators transacted business and engaged in

commerce within the United States and intentionally caused HP to suffer injury in the United States and in California.

16.   **AUO Defendants' Response:**  Paragraph 16 contains legal conclusions to which no response is required.  To the extent the allegations of Paragraph 16 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 16 relate to the AUO Defendants, the AUO Defendants deny them.

17.   Plaintiff's Allegation.  Venue is proper in this judicial district pursuant to 15 U.S.C. § 22 and 28 U.S.C, § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district; or, alternatively, at least one of Defendants is licensed to do business or is doing business in this district; or, alternatively, a Defendant is a foreign corporation doing business in this district.

17.   **AUO Defendants' Response:**  Paragraph 17 contains legal conclusions to which no response is required.  To the extent the allegations of Paragraph 17 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 17 relate to the AUO Defendants, the AUO Defendants deny them.

18.   Plaintiff's Allegation.  Intradistrict assignment to the San Francisco division is proper pursuant to the order issued by the Honorable Susan Illston in the United States District Court, Northern District of California, San Francisco Division, on July 3, 2007, requiring that all antitrust actions relating to an alleged conspiracy to fix the prices of TFT-LCD Panels be filed in the Northern District of California and all "tag-along actions" be filed in, removed to, or transferred to Judge Illston's Court in the San Francisco Division.

18.   **AUO Defendants' Response:**  Paragraph 18 contains legal conclusions to which no response is required.  Paragraph 18 contains legal conclusions to which no response is required.  To the extent a response is deemed required, the AUO Defendants deny the allegations of Paragraph 18 and deny that Plaintiff is entitled to any of the relief it seeks.

### III.    THE PARTIES

#### A.    Plaintiff

19.    <u>Plaintiff's Allegation</u>.  Plaintiff Hewlett-Packard Company is a Delaware corporation with its principal place of business in Santa Clara County, in the city of Palo Alto, California.  HP is one of the leading information technology companies in the world and employs over 300,000 employees. HP has its headquarters in Palo Alto, California, and it also has a number of other facilities in California and elsewhere in the United States, including Houston, Texas.  HP sells numerous products that incorporate TFT-LCD Panels, including desktop monitors, notebook computers, printers, cameras, and televisions (collectively, "HP TFT-LCD Products").  HP is the parent corporation in the United States that reports consolidated financial results involving its subsidiaries.

19.    **AUO Defendants' Response:**  The AUO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny them.

20.    <u>Plaintiff's Allegation</u>.  In May 2002, HP completed its acquisition of Compaq Computer Corporation ("Compaq").  Prior to the acquisition, Compaq had its principal place of business in Houston, Texas and sold numerous products, including personal computer desktop monitors and notebooks.  As the successor of Compaq, HP also brings this action to recover overcharges based on Compaq's purchases of TFT-LCD Panels from Defendants and their co-conspirators during the Conspiracy Period.

20.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 20 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 20, relate to the AUO Defendants, the AUO Defendants deny them.

21.    <u>Plaintiff's Allegation</u>.  Hewlett-Packard Intl. Pte Ltd. in Singapore ("HP's foreign subsidiary") purchased TFT-LCD Panels from Defendants and their co-conspirators during the Conspiracy Period for inclusion in HP TFT-LCD Products pursuant to the terms of the agreements negotiated by HP in the United States.  HP's foreign subsidiary has agreed that HP and HP alone will pursue damages based on its purchases of TFT-LCD Panels from Defendants and their co-conspirators

during the Conspiracy Period.  This entity has assigned to HP any claims that it may have based on these purchases.  As a result, HP's foreign subsidiary will not be pursuing the claims alleged herein.

21.  **AUO Defendants' Response:**  To the extent the allegations of Paragraph 21 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 21 relate to the AUO Defendants, the AUO Defendants deny them.

22.  Plaintiff's Allegation.  Similarly, the original design manufacturers ("ODMs") listed in Exhibit A (the "ODMs") purchased TFT-LCD Panels from Defendants and their co-conspirators during the Conspiracy Period for inclusion in HP TFT-LCD Products pursuant to the terms of the agreements negotiated by HP in the United States.  The ODMs have agreed that HP and HP alone will pursue damages based on these purchases.  The ODMs have assigned to HP any claims that they may have based on their purchases of TFT-LCD Panels that HP directed them to make for inclusion in HP TFT-LCD Products.  As a result, the ODMs will not be pursuing the claims alleged herein.

22.  **AUO Defendants' Response:**  To the extent the allegations of Paragraph 22 relate to Plaintiff, other parties or entities, or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 22 relate to the AUO Defendants, the AUO Defendants deny them.

**B.  Defendants**

23.  Plaintiff's Allegation.  Defendant AU Optronics Corporation is one of the world's largest manufacturers of LCD Panels.  AU Optronics Corporation is a Taiwanese company with its principal place of business at No. 1, Li Hsin Road 2, Hsinchu Science Park, Hsinchu, Taiwan, R.O.C.  AU Optronics Corporation was created in 2001 by the merger of Acer Display Technology, Inc. and Unipac Optoelectronies, both of which were involved in the manufacture of LCD Panels.  During the Conspiracy Period, AU Optronics Corporation manufactured, marketed, and/or sold TFT-LCD Panels throughout the United States and elsewhere, including to HP.

23.  **AUO Defendants' Response:**  The AUO Defendants admit that AU Optronics Corporation has its corporate headquarters at No. 1, Li-Hsin Rd. 2, Hsinchu Science Park, Hsinchu

30078, Taiwan.  Except as otherwise specifically admitted, the AUO Defendants deny the allegations of Paragraph 23.

24.     Plaintiff's Allegation.  In October 2006, Quanta Display Inc. ("QDI") a subsidiary of Quanta Computer Inc., merged with AU Optronics Corporation, at which time QDI was absorbed into AU Optronics Corporation.  The merged entity operates as AU Optronics Corporation.  QDI itself was formed in 1999 as a joint venture between Quanta Computer Inc. and Sharp Corporation.  As a successor to QDI, AU Optronics Corporation assumes liability for damages caused by QDI's participation in the conspiracy to fix prices of TFT-LCD Panels.

24.     **AUO Defendants' Response:**  The AUO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny them.

25.     Plaintiff's Allegation.  Defendant AU Optronics Corporation America is a California corporation with its principal place of business at 1525 McCarthy Blvd., Suite 216, Milpitas, CA 95035.  AU Optronics Corporation America was formerly known as Acer Display Technology America, Inc.  AU Optronics Corporation America is a wholly-owned and controlled subsidiary of AU Optronics Corporation.  During the Conspiracy Period, AU Optronics Corporation America manufactured, marketed, and/or sold TFI-LCD Panels throughout the United States and elsewhere, including to HP.

25.     **AUO Defendants' Response:**  The AUO Defendants admit that AU Optronics Corporation maintains offices in California.  Except as otherwise specifically admitted, the AUO Defendants deny the allegations of Paragraph 25.

26.     Plaintiff's Allegation.  The terms "AUO" and "Defendants" include AU Optronics Corporation, AU Optronics Corporation America, and Quanta Display Inc.

26.     **AUO Defendants' Response:**  Paragraph 26 consists of Plaintiff's explanation of terminology and is not an allegation of fact to which a response is required.  To the extent a response is deemed required, the AUO Defendants deny the allegations.

27.     Plaintiff's Allegation.  The acts charged in this Complaint were done by Defendants or were ordered or done by Defendants' officers, agents, employees, or representatives while actively engaged in the management of Defendants' affairs.  At all relevant times, Defendants were the agents of

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

each of their co-conspirators, and in doing the acts alleged herein, were acting within the scope of such agency.  Defendants ratified and/or authorized the wrongful acts of each of their co-conspirators. Defendants are sued as participants and as aiders and abettors in the unlawful acts alleged herein. Defendants and their co-conspirators participated as members of a conspiracy, acted in furtherance of it, aided and assisted in carrying out its purposes, and performed acts and made statements in furtherance of the conspiracy.

27.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 27 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 27 relate to the AUO Defendants, the AUO Defendants deny them.

## C.   Agents and Co-Conspirators

28.   Plaintiff's Allegation.  Various other individuals, partnerships, corporations and business entities, not named as defendants in this Complaint, participated as agents or co-conspirators in the violations alleged herein and performed acts and made statements in furtherance of it.  HP specifically alleges that the following companies, together with their employees, officers and agents, are co-conspirators of Defendants, and the actions and statements of such co-conspirators (and their agents, officers and employees) are admissible against Defendants:  Chi Mei Corporation, Chimei Innolux Corporation (formerly known as Chi Mei Optoelectronics Corporation), Chi Mei Optoelectronics USA, Inc. (formerly known as International Display Technology USA, Inc.), CMO Japan Co., Ltd. (formerly known as International Display Technology, Ltd.), Nexgen Mediatech, Inc., and Nexgen Mediatech USA, Inc. (collectively, "Chi Mei"); Chunghwa Picture Tubes, Ltd. and Tatung Company of America, Inc. (collectively, "Chunghwa"); Epson Imaging Devices Corporation and Epson Electronics America, Inc. (collectively, "Epson"); HannStar Display Corporation ("HannStar"); Hitachi Ltd., Hitachi Displays, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, "Hitachi"); LG Display Co., Ltd. (formerly known as LG Philips LCD Co., Ltd.) and LG Display America, Inc. (collectively, "LG Display"); LG Electronics, Inc. and LG Electronics USA, Inc. (collectively, "LG Electronics"); Samsung Electronics Company, Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor,

1   Inc. (collectively, "Samsung"); Sharp Corporation and Sharp Electronics Corporation (collectively,

2   "Sharp"); Toshiba Corporation, Toshiba America Electronic Components, Inc., Toshiba America

3   Information Systems, Inc., and Toshiba Mobile Display Co., Ltd. (formerly known as Toshiba

4   Matsushita Display Technology Co., Ltd.) (collectively, "Toshiba"); Royal Philips Electronics N.V. and

5   Philips Electronics North America Corp., Ltd. (collectively, "Royal Philips"); NEC LCD Technologies,

6   Ltd. ("NEC"); Hydis Technologies Co., Ltd. (formerly known as BOE Hydis Technology Co., Ltd.)

7   ("Hydis'); Panasonic Corporation and Panasonic Corporation of North America (collectively,

8   "Panasonic"); IPS Alpha Technology, Ltd. ("IPS Alpha"); Mitsui & Co., Ltd. ("Mitsui"); and Mitsubishi

9   Electric Corporation ("Mitsubishi").  The term "co-conspirators" includes all of these companies.

10      28.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 28 relate to

11   Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

12   belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 28 relate to

13   the AUO Defendants, the AUO Defendants deny them.

14      29.     Plaintiff's Allegation.  When HP refers to a corporate family or companies by a single

15   name in its allegations of participation in the conspiracy, HP is alleging on information and belief that

16   one or more employees or agents of entities within the corporate family engaged in conspiratorial

17   meetings on behalf of every company of that family.  The individual participants in the conspiratorial

18   meetings and discussions did not always know the corporate affiliation of their counterparts, nor did

19   they distinguish between the entities within a corporate family.  The individual participants entered into

20   agreements on behalf of, and reported these meetings and discussions to, their respective corporate

21   families.  Consequently, each entire corporate family was represented in meetings and discussions by

22   their agents and each was a party to the agreements reached in them.

23      29.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 29 relate to

24   Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

25   belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 29 relate to

26   the AUO Defendants, the AUO Defendants deny them.

27

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## IV.    FACTUAL ALLEGATIONS

**A.    Defendants And Their Co-Conspirators Engaged in Price-Fixing Of TFT-LCD Panels In The United States And Abroad**

30.    <u>Plaintiff's Allegation</u>.  Defendants and their co-conspirators conspired to fix, raise, maintain, and stabilize the prices of TFT-LCD Panels sold to customers in the United States, including HP.  Defendants' and their co-conspirators' price-fixing conspiracy was effectuated through a combination of secret group and bilateral meetings and discussions at all levels of Defendants and their co-conspirators that took place in the United States and abroad.  Senior executives of Defendants and their co-conspirators instructed their subordinates in the United States to communicate with employees of their competitors to exchange pricing and other competitive information to be used in fixing the price of TFT-LCD Panels sold to U.S. companies, including HP.  Defendants' and their co-conspirators' employees engaged in these illegal communications in the United States and used the information exchanged among them to artificially inflate the prices paid by U.S. companies, including HP, for TFT-LCD Panels.

30.    **<u>AUO Defendants' Response:</u>**  To the extent the allegations of Paragraph 30 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 30 relate to the AUO Defendants, the AUO Defendants deny them.

31.    <u>Plaintiff's Allegation</u>.  During the Conspiracy Period, Defendants and their co-conspirators collectively controlled the market for TFT-LCD Panels, both globally and in the United States.  TFT-LCD Panels are used in desktop monitors, notebook computers, televisions, mobile wireless handsets, printers, cameras, and numerous other electronic products.  TFT-LCD Panels are manufactured by sandwiching liquid crystal between two glass substrates.  One glass substrate contains thin chemical films that act as transistors, and the other is coated with liquid pigments that act as color filters.  When voltage is applied to the transistors, the liquid crystal bends, causing light to pass through the filters to create red, green or blue pixels.  The resulting screen contains hundreds or thousands of electrically charged dots, called pixels, that form an image on the panel.

31.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 31 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 31 relate to the AUO Defendants, the AUO Defendants deny them.

32.    Plaintiff's Allegation.  The U.S. market for TFT-LCD Panels and TFT-LCD Products has always been one of the largest and most profitable markets for Defendants and their co-conspirators. The TFT-LCD Panel industry has several characteristics that facilitated conspiracy to fix prices, including high concentration, consolidation, significant barriers to entry, homogeneity of products, multiple interrelated business relationships, and ease of information sharing.

32.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 32 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 32 relate to the AUO Defendants, the AUO Defendants deny them.

33.    Plaintiff's Allegation.  The TFT-LCD Panel industry is highly concentrated and thus conducive to collusion.  Throughout the Conspiracy Period, Defendants and their co-conspirators collectively controlled the global and U.S. TFT-LCD Panel markets.

33.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 33 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 33 relate to the AUO Defendants, the AUO Defendants deny them.

34.    Plaintiff's Allegation.  The TFT-LCD Panel industry has undergone significant consolidation since its inception in the mid-1990s.  For example, in 1999, the three major TFT-LCD Panel manufacturers in Korea became two when LG Electronics, Inc. merged with Hyundai.  That same year, LG Electronics, Inc. also merged with the Dutch corporation, Koninklijke Philips Electronics N.V., to create LG Display.  In 2000, Japanese competitors NEC and Casio Computer, Co. Ltd, formed a partnership to develop and manufacture TFT-LCD Panels.  Around the same time, Toshiba and Matsushita Electric Industrial Co., Ltd. (owner of Panasonic), formed AFTPD Pte. Ltd., a joint venture

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

created to produce TFT-LCD Panels.  In 2001, Chi Mei set up a joint venture with IBM, forming International Display Technology Ltd. (IDTech), which was subsequently sold to Sony in 2005.  AUO was formed in 2001 by the merger of Acer Display Technology, Inc. and Unipac Optoelectronics Corporation.  AUO acquired Quanta Display Inc. in 2006, becoming the third-largest manufacturer of TFT-LCD Panels.

34.  **AUO Defendants' Response:**  To the extent the allegations of Paragraph 34 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 34 relate to the AUO Defendants, the AUO Defendants deny them.

35.  <u>Plaintiff's Allegation</u>.  The TFT-LCD Panel industry is characterized by high barriers to entry.  New fabrication plants, or "fabs," can cost upwards of $2 to $3 billion, and constant research and development and investment are necessary to keep up with the rapidly evolving technology and intellectual property requirements.  Thus, companies cannot enter the market for the production and sale of TFT-LCD Panels without an enormous amount of capital investment.

35.  **AUO Defendants' Response:**  The AUO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny them.

36.  <u>Plaintiff's Allegation</u>.  TFT-LCD Panels, whether incorporated into desktop monitors, notebook computers, televisions or mobile wireless handsets, are manufactured to several standard sizes. regardless of manufacturer.  The manufacture of standard panel sizes for TFT-LCD Products across the TFT-LCD Panel industry facilitates price transparency in the market for TFT-LCD Panels and allows TFT-LCD Panel manufacturers to monitor and analyze TFT-LCD Panel prices, which enables Defendants and their co-conspirators to enforce their price-fixing conspiracy.

36.  **AUO Defendants' Response:**  To the extent the allegations of Paragraph 36 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 36 relate to the AUO Defendants, the AUO Defendants deny them.

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

37.     <u>Plaintiff's Allegation</u>.  The TFT-LCD Panel industry is a web of cross-licensing agreements, joint ventures, and other cooperative agreements that are conducive to participating in a conspiracy.  For example, AUO entered into licensing agreements with Sharp in 2005 and Samsung in 2006.  Chunghwa did the same with Sharp in December 2006.  Chi Mei has licensing arrangements with AUO, Sharp, Chunghwa, HannStar, and Hitachi.  These close business relationships provided an opportunity for competitors to collude and made it easier to implement a conspiracy to fix prices.

37.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 37 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 37 relate to the AUO Defendants, the AUO Defendants deny them.

38.     <u>Plaintiff's Allegation</u>.  Personal relationships between executives of certain companies, common memberships in trade associations, and allegiances between companies based in the same country or region also contributed to the numerous opportunities that Defendants and their co-conspirators had to discuss and exchange competitive information.  Defendants and their co-conspirators took advantage of these opportunities to discuss and agree on their pricing of TFT-LCD Panels and monitor each other's compliance with price-fixing agreement.

38.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 38 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 38 relate to the AUO Defendants, the AUO Defendants deny them.

**B.     Defendants And Their Co-Conspirators Specifically Targeted HP As A Victim Of Their Price-Fixing Conspiracy.**

**1.     Defendants And Their Co-Conspirators Negotiated And Reached Agreements With HP In The United States To Sell TFT-LCD Panels At Artificially Inflated Prices.**

39.     <u>Plaintiff's Allegation</u>.  HP's purchases of TFT-LCD Panels were made pursuant to a global procurement strategy formulated and directed by HP's central procurement team in the United

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   States.  HP and Defendants and their co-conspirators negotiated and entered into agreements in the

2   United States, that applied globally, and the price to be paid to Defendants and their co-conspirators did

3   not depend on the place of delivery or the entity taking delivery.

4        39.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 39 relate to

5   Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

6   belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 39 relate to

7   the AUO Defendants, the AUO Defendants deny them.

8        40.   Plaintiff's Allegation.  ███████████████████████

9   ████████████████████████████████████████████████

10  ██████████████████████████████████████████████

11  ████████████████████████████████████████████

12  ████████████████████████████████████████████████

13  ██████████████████████████████████████████████

14  ██████████████████████████████████████████████

15  ████████████████████████████████

16       40.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 40 relate to

17  Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

18  belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 40 relate to

19  the AUO Defendants, the AUO Defendants deny them.

20       41.   Plaintiff's Allegation.  ███████████████████████

21  ████████████████████████████████████████████

22  ██████████████████████████████████████████████████

23  ████████████████████████████████████████

24  ████████████████████████████████████████████████

25  ██████████████████████████████████████████

26  ██████████████████████████████████████████

27  ████████████████████████████████

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    41.    **AUO Defendants' Response:**  The AUO Defendants lack knowledge or information

2    sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore deny them.

3    42.    Plaintiff's Allegation.  HP in the United States directed the purchase of TFT-LCD Panels

4    by HP's foreign subsidiary and the ODMs.  At all relevant times, HP established the price, quantity, and

5    specifications at which its foreign subsidiary and ODMs purchased TFT-LCD Panels.  HP also directed

6    the timing of the purchases and the purposes for which they were used.  HP's U.S.- based procurement

7    team was responsible for final approval on pricing, conditions, and projected quantities for all purchases

8    of TFT-LCD Panels.

9    42.    **AUO Defendants' Response:**  The AUO Defendants lack knowledge or information

10    sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore deny them.

11    43.    Plaintiff's Allegation.  During and after the Conspiracy Period, Defendants and their co-

12    conspirators employed marketing, sales, and account management teams specifically designated to

13    handle the U.S. market for TFT-LCD Panels and U.S. customer accounts, including HP.  HP's

14    employees in Houston negotiated pricing and quantities of TFT-LCD Panels directly with Defendants'

15    and their co-conspirators' employees located in the United States (generally in either Houston or San

16    Jose, California) by regularly communicating by e-mail and telephone and meeting in person in the

17    United States.  For example, AUO employee Dominic Chen, who was located in Houston, regularly

18    communicated with HP employees in Houston about TFT-LCD pricing and supply.  Defendants' and

19    their co-conspirators' executives also ,met with HP's procurement team in Houston and Palo Alto for in-

20    person meetings to discuss future TFT-LCD Panel business.

21    43.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 43 relate to

22    Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

23    belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 43 relate to

24    the AUO Defendants, the AUO Defendants deny them.

25

26

27

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**2.** **Defendants And Their Co-Conspirators Coordinated And Reached Agreement With Competitors In The United States On The Prices And Quantities Of TFT-LCD Panels Sold To HP.**

44. <u>Plaintiff's Allegation.</u>  Not only did Defendants and their co-conspirators meet with HP in the United States to negotiate prices and quantities of TFT-LCD Panels sold to HP (a process tainted by Defendants' and their co-conspirators' price-fixing conspiracy), they also coordinated and reached agreement with each other in the United States (in particular, California and Texas) to sell TFT-LCD Panels at artificially inflated prices to HP.

44. **AUO Defendants' Response:**  To the extent the allegations of Paragraph 44 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 44 relate to the AUO Defendants, the AUO Defendants deny them.

45. <u>Plaintiff's Allegation.</u>  As early as 1999, manufacturers, including Defendants, communicated in the United States in order to coordinate prices offered to specific customers, including HP.  Examples of such activity include:

45. **AUO Defendants' Response:**  To the extent the allegations of Paragraph 45 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 45 relate to the AUO Defendants, the AUO Defendants deny them.

46. <u>Plaintiff's Allegation.</u> ████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████

46. **AUO Defendants' Response:**  To the extent the allegations of Paragraph 46 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 46 relate to the AUO Defendants, the AUO Defendants deny them.

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

47.   <u>Plaintiff's Allegation</u>. █████████████████████

2 ██████████████████████████████████████████████████████

3 ███████████████████████████████████████

4

47.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 47 relate to

5 Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

6 belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 47 relate to

7 the AUO Defendants, the AUO Defendants deny them.

8

48.   <u>Plaintiff's Allegation</u>. █████████████████████████

9 ████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████

11 ███████████████████████████████████████████████████

12 ████

13

48.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 48 relate to

14 Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

15 belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 48 relate to

16 the AUO Defendants, the AUO Defendants deny them.

17

49.   <u>Plaintiff's Allegation</u>. ████████████████████████████

18 ███████████████████████████████████████████████

19 ████████████████████████████████████████████████

20 ███████████████████████████████████████████████

21 ██████████████████

22

49.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 49 relate to

23 Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

24 belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 49 relate to

25 the AUO Defendants, the AUO Defendants deny them.

26

50.   <u>Plaintiff's Allegation</u>. ████████████████████████

27 ██████████████████████████████████████████████████████

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

50.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 50 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 50 relate to the AUO Defendants, the AUO Defendants deny them.

51.    <u>Plaintiff's Allegation.</u>

51.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 51 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 51 relate to the AUO Defendants, the AUO Defendants deny them.

52.    <u>Plaintiff's Allegation.</u>

52.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 52 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 52 relate to the AUO Defendants, the AUO Defendants deny them.

1    53.    <u>Plaintiff's Allegation</u>. ████████████████████████████

2    ████████████████████████████████████████████████████████████████

3    ████████████████████

4    53.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 53 relate to

5    other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to

6    their truth, and therefore deny them.  To the extent the allegations in Paragraph 53 relate to the AUO

7    Defendants, the AUO Defendants deny them.

8    54.    <u>Plaintiff's Allegation</u>. ████████████████████████████████

9    ████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████

11   54.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 54 relate to

12   other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to

13   their truth, and therefore deny them.  To the extent the allegations in Paragraph 54 relate to the AUO

14   Defendants, the AUO Defendants deny them.

15   55.    <u>Plaintiff's Allegation</u>. ████████████████████████████

16   ████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   55.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 55 relate to

24   Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

25   belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 55 relate to

26   the AUO Defendants, the AUO Defendants deny them.

27

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    56.    <u>Plaintiff's Allegation</u>. ██████████████████████████

2 ████████████████████████████████████████████████████████████

3 ███████████████████████████████████████████

4 ████████████

5    56.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 56 relate to

6 other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to

7 their truth, and therefore deny them.  To the extent the allegations in Paragraph 56 relate to the AUO

8 Defendants, the AUO Defendants deny them.

9    57.    <u>Plaintiff's Allegation</u>. ████████████████████████████

10 ████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ██████████████████

13    57.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 57 relate to

14 Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

15 belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 57 relate to

16 the AUO Defendants, the AUO Defendants deny them.

17    58.    <u>Plaintiff's Allegation</u>. ████████████████████████████

18 ██████████████████████████████████████

19    58.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 58 relate to

20 other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to

21 their truth, and therefore deny them.  To the extent the allegations in Paragraph 58 relate to the AUO

22 Defendants, the AUO Defendants deny them.

23    C.    **Defendants And Their Co-Conspirators Also Engaged In Conspiratorial Conduct**
24       **With Competitors Abroad To Coordinate And Carry Out Their Price-Fixing**
         **Conspiracy In The United States.**

25    59.    <u>Plaintiff's Allegation</u>.  Japanese companies (Hitachi, Sharp, and Toshiba) were the first

26 manufacturers of TFT-LCD Panels, and in the early years of the conspiracy they began holding bilateral

27 meetings to discuss prices and output.  As Korean companies (LG Display and Samsung) entered the

28

125472_2.DOC                                     - 24 -                    Master File No: 3:07-md-1827 SI
                                                                           Case No. 3:11-cv-04116 SI

1   TFT-LCD Panel market in the 1990s, they joined the Japanese companies in the conspiracy.  In 1999,

2   Taiwanese companies (AUO, QDI, Chi Mei, and HannStar) began entering the market and thereafter,

3   joined the conspiracy as well.  The rapid increase in numbers of competitors in the TFT-LCD Panel

4   market led to more group meetings, and by 2001 a formal system of group and bilateral meetings was in

5   place.

6        59.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 59 relate to

7   other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to

8   their truth, and therefore deny them.  To the extent the allegations in Paragraph 59 relate to the AUO

9   Defendants, the AUO Defendants deny them.

10       60.    Plaintiff's Allegation.  Defendants' and their co-conspirators' employees were regular

11  attendees of group meetings with competitors during the Conspiracy Period.  These group meetings took

12  place at three different levels of seniority:  (1) "CEO" or "top" meetings attended by senior-level

13  executives, such as the presidents of TFT-LCD divisions; (2) "crystal," "commercial," "supplier," or

14  "operations" meetings attended by management-level employees, such as vice presidents of sales and

15  marketing and other senior-level sales employees; and (3) meetings attended by lower-level sales and

16  marketing personnel.  The purpose of all these meetings was to fix, raise, maintain, and stabilize prices.

17  AUO was a regular and active participant at all levels of these meetings from 2001 until the end of the

18  conspiracy period.

19       60.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 60 relate to

20  other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to

21  their truth, and therefore deny them.  To the extent the allegations in Paragraph 60 relate to the AUO

22  Defendants, the AUO Defendants deny them.

23       61.    Plaintiff's Allegation.  "CEO" or "top" meetings took place numerous times up to once

24  every quarter from 2001 through 2006.  At these meetings, senior-level executives discussed global

25  pricing for TFT-LCD Panels, production volume and demand, general market conditions, new TFT-

26  LCD Products, issues related to specific customers, and long-term issues facing the TFT-LCD industry.

27

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

61.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 61 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 61 relate to the AUO Defendants, the AUO Defendants deny them.

62.   <u>Plaintiff's Allegation</u>.  "Crystal" meetings — also known as "commercial," "supplier," or "operations" meetings — were working-level meetings that took place monthly.  Participants designated one person as the "chairman" of the meeting who used a projector or white board to display information on pricing and supply for group discussion.  Participants made comments and adjusted numbers until they reached an agreement on TFT-LCD Panel prices.  Participants took notes and exchanged and downloaded files, including Excel spreadsheets, onto USB flash drives to send back to company headquarters.

62.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 62 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 62 relate to the AUO Defendants, the AUO Defendants deny them.

63.   <u>Plaintiff's Allegation</u>.  The agendas of these "crystal" meetings consisted of:  (i) agreeing on prices for the following month and projecting future prices; (ii) determining values of various attributes of TFT-LCD Panels, such as quality or technical specifications: (iii) exchanging information about production capacity; (iv) coordinating false public statements about the reasons for artificial price increases and reductions in volume; (v) exchanging information about supply and demand; (vi) trading information about new technology and when it would come on line; and (vii) reaching out to other competitors to encourage them to abide by the price-fixing agreements.

63.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 63 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 63 relate to the AUO Defendants, the AUO Defendants deny them.

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

64.  <u>Plaintiff's Allegation</u>.  The crystal meeting participants agreed to raise prices or keep prices in certain ranges, including pricing for specific customers and target prices for the following month.  Each person verified that his or her employer was complying with the conspiracy.  If a participant had offered a customer a price that the group considered out of line, that participant had to explain the reasoning behind the price.  If the group did not accept the explanation, the group would "jaw-bone" that participant into agreeing to offer the "right" price.

64.  **AUO Defendants' Response:**  To the extent the allegations of Paragraph 64 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 64 relate to the AUO Defendants, the AUO Defendants deny them.

65.  <u>Plaintiff's Allegation</u>.  The lower level meetings were less formal than the CEO or crystal meetings and typically occurred at restaurants over lunch.  The purpose of those meetings was to exchange information about pricing and production, and to carry out and monitor agreements made at the CEO and crystal meetings.

65.  **AUO Defendants' Response:**  To the extent the allegations of Paragraph 65 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 65 relate to the AUO Defendants, the AUO Defendants deny them.

66.  <u>Plaintiff's Allegation</u>.  Examples of AUO's participation at all levels of these group meetings include:



125472_2.DOC                                   - 27 -                          Master File No: 3:07-md-1827 SI
                                                                               Case No. 3:11-cv-04116 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

66. **AUO Defendants' Response:** To the extent the allegations of Paragraph 66 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them. To the extent the allegations in Paragraph 66 relate to the AUO Defendants, the AUO Defendants deny them.

67. <u>Plaintiff's Allegation</u>. In addition to group meetings, competitors held countless bilateral meetings that were separate from contacts that generally occurred at trade shows, technical meetings, and supplier days. Competitors conducted these meetings in person, by telephone, and via e-mail and instant messaging to exchange information about TFT-LCD Panel price and production. They used bilateral meetings to coordinate prices with competitors who did not ordinarily attend the group meetings, and to coordinate prices with competitors about specific customers, including exchanging information to avoid being persuaded by specific customers to cut prices.

67. **AUO Defendants' Response:** To the extent the allegations of Paragraph 67 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them. To the extent the allegations in Paragraph 67 relate to the AUO Defendants, the AUO Defendants deny them.

68. <u>Plaintiff's Allegation</u>. To enforce and monitor agreements made at group and bilateral meetings, Defendants and their co-conspirators checked up on each other through self-reporting, through customers, and by reviewing monthly data provided by TFT-LCD market research firms on pricing and output.

68. **AUO Defendants' Response:** To the extent the allegations of Paragraph 68 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them. To the extent the allegations in Paragraph 68 relate to the AUO Defendants, the AUO Defendants deny them.

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

69.     <u>Plaintiff's Allegation</u>.  AUO attended multiple bilateral meetings as part of the conspiracy.  Examples of bilateral meetings and communications are set forth at paragraphs 70 to 88 below.

69.     **AUO Defendants' Response:**  The AUO Defendants deny the allegations of Paragraph 69.

70.     <u>Plaintiff's Allegation</u>. ████████████████████████
████████████████████████████████████████████████
█████████████████

70.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 70 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 70 relate to the AUO Defendants, the AUO Defendants deny them.

71.     <u>Plaintiff's Allegation</u>. ████████████████████████
████████████████████████████████████

71.     **AUO Defendants' Response:**  The AUO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore deny them.

72.     <u>Plaintiff's Allegation</u>. ████████████████████████
████████████████████████████████████████

72.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 72 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 72 relate to the AUO Defendants, the AUO Defendants deny them.

73.     <u>Plaintiff's Allegation</u>. ████████████████████████
████████████████████████████████████████

73.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 73 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

1   belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 73 relate to

2   the AUO Defendants, the AUO Defendants deny them.

3       74.   Plaintiff's Allegation.  ████████████████████████████████████████

4   ████████████████████████████████████

5       74.   **AUO Defendants' Response:**  The AUO Defendants lack knowledge or information

6   sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore deny them.

7       75.   Plaintiff's Allegation.  AUO's co-conspirators also attended such meetings, frequently

8   checking on competitors' pricing, agreeing on pricing, and enforcing terms of agreed upon prices:  For

9   example:

10      75.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 75 relate to

11  other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to

12  their truth, and therefore deny them.  To the extent the allegations in Paragraph 75 relate to the AUO

13  Defendants, the AUO Defendants deny them.

14      76.   Plaintiff's Allegation.  ██████████████████████████████

15  ████████████████████████████████

16      76.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 76 relate to

17  Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

18  belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 76 relate to

19  the AUO Defendants, the AUO Defendants deny them.

20      77.   Plaintiff's Allegation.  ████████████████████████████████

21  █████████████████████████████████████████████

22  ███████████████████████████████████████

23  ██████████████████████

24      77.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 77 relate to

25  other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to

26  their truth, and therefore deny them.  To the extent the allegations in Paragraph 77 relate to the AUO

27  Defendants, the AUO Defendants deny them.

28

78.   <u>Plaintiff's Allegation</u>. ████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████

78.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 78 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 78 relate to the AUO Defendants, the AUO Defendants deny them.

79.   <u>Plaintiff's Allegation</u>. ████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████

79.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 79 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 79 relate to the AUO Defendants, the AUO Defendants deny them.

80.   <u>Plaintiff's Allegation</u>. ████████████████████████
████████████████████████████████████████████████████████
██████████████████████

80.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 80 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 80 relate to the AUO Defendants, the AUO Defendants deny them.

81.   <u>Plaintiff's Allegation</u>. ████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████

81.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 81 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 81 relate to the AUO Defendants, the AUO Defendants deny them.

82.   Plaintiff's Allegation. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

82.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 82 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 82 relate to the AUO Defendants, the AUO Defendants deny them.

83.   Plaintiff's Allegation. ██████████████████████████████████████████████████████████

83.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 83 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 83 relate to the AUO Defendants, the AUO Defendants deny them.

84.   Plaintiff's Allegation. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

84.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 84 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 84 relate to the AUO Defendants, the AUO Defendants deny them.

85.   <u>Plaintiff's Allegation.</u> █████████████████████
███████████████████████████████████████████████████████████████
████████████████

85.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 85 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 85 relate to the AUO Defendants, the AUO Defendants deny them.

86.   <u>Plaintiff's Allegation.</u> ████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████████████████████

86.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 86 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 86 relate to the AUO Defendants, the AUO Defendants deny them.

87.   <u>Plaintiff's Allegation.</u> ████████████████████████
██████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████

87.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 87 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 87 relate to the AUO Defendants, the AUO Defendants deny them.

88.   <u>Plaintiff's Allegation.</u> ████████████████████████████
████████████████████████████

88.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 88 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 88 relate to the AUO Defendants, the AUO Defendants deny them.

**D.   Defendants And Their Co-Conspirators Have Been Charged With And Have Pleaded Guilty To Participating In Price-Fixing Of TFT-LCD Panels And TFT-LCD Products In The United States.**

89.   <u>Plaintiff's Allegation</u>.  In December 2006, authorities in Japan, South Korea, the European Union, and the United States revealed the existence of a comprehensive investigation into anticompetitive activity among TFT-LCD Panel manufacturers.

89.   **AUO Defendants' Response:**  To the extent the allegations in Paragraph 89 are based on reports or statements by government authorities, those reports speak for themselves and no response is required.  To the extent the allegations in Paragraph 89 may be deemed to require a response, the AUO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89, and therefore deny them.

90.   <u>Plaintiff's Allegation</u>.  At least one of the TFT-LCD Panel manufacturers has approached the Antitrust Division of the DOJ to enter into a leniency agreement with respect to Defendants' and their co-conspirators' conspiracy to fix prices of TFT-LCD Panels.  In order to enter into a leniency agreement under the DOJ's Corporate Leniency Policy, this TFT-LCD Panel manufacturer has reported Defendants' and their co-conspirators' price-fixing conspiracy to the DOJ and has confessed its own participation in that conspiracy.  The DOJ's investigation of the remaining TFT-LCD Panel manufacturers is ongoing and is expected to result in additional guilty pleas and criminal fines from other TFT-LCD Panel manufacturers.  However, a number of Defendants and their co-conspirators (along with their executives) have pleaded guilty.

90.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 90 are based on statements by government authorities, those statements speak for themselves and no response is required.  To the extent the allegations of Paragraph 90 relate to other defendants or Plaintiff, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny

1   them.  To the extent the allegations of Paragraph 90 relate to the AUO Defendants, the AUO Defendants

2   deny them.

3           91.   <u>Plaintiff's Allegation</u>.  To date, Chi Mei Optoelectronics Corporation, Chunghwa Picture

4   Tubes, Ltd., Epson Imaging Devices Corporation, HannStar Display Corporation, Hitachi Displays Ltd.,

5   LG Display Co., Ltd., LG Display America, Inc. and Sharp Corporation have admitted and pleaded

6   guilty to participating in a conspiracy with major TFT-LCD Panel manufacturers to fix the price of TFT-

7   LCD Panels sold in the United States and elsewhere.  In their plea agreements, these companies admit

8   that they participated in meetings, conversations, and communications to discuss the prices of TFT-LCD

9   Panels, agreed to fix the prices of TFT-LCD Panels, and exchanged pricing and sales information for the

10  purposes of monitoring and enforcing adherence to agreed-upon prices.  They also admit that acts in

11  furtherance of the price-fixing conspiracy were carried out in California,  These companies also agreed to

12  pay criminal fines that total close to $1 billion.  These companies, however, have not paid any restitution

13  to victims of their conspiracy under their plea agreements.

14          91.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 91 are based on

15  statements by government authorities, those statements speak for themselves and no response is

16  required.  To the extent the allegations of Paragraph 91 relate to other defendants, the AUO Defendants

17  lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

18          92.   <u>Plaintiff's Allegation</u>.  In addition, since November 12, 2008, numerous executives of the

19  foregoing companies have admitted and pleaded guilty to price fixing and have agreed to pay criminal

20  fines and to serve prison time in the United States.

21          92.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 92 are based on

22  statements by government authorities, those statements speak for themselves and no response is

23  required.  To the extent the allegations of Paragraph 92 relate to other defendants, the AUO Defendants

24  lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.

25          93.   <u>Plaintiff's Allegation</u>.  On July 9, 2010, the DOJ filed a criminal indictment against AUO

26  for its participation in the price-fixing conspiracy in violation of Section 1 of the Sherman Act, 15

27  U.S.C. § 1.  Among other things, the DOJ is seeking restitution and a criminal fine in an amount equal to

28

the largest of:  (a) $100 million; (b) twice the gross pecuniary gain derived from the crime; or (c) twice the gross pecuniary loss caused to the victims of the crime.

93.    **AUO Defendants' Response:**  The AUO Defendants admit that the DOJ filed a criminal indictment against them on July 9, 2010.  To the extent the allegation purport to summarize the contents of a document or documents, those records speak for themselves.  The AUO Defendants deny the remaining allegations of Paragraph 93.

> E.    **As A Result Of Defendants' And Their Co-Conspirators' Price-Fixing Conspiracy, HP Has Suffered Damages.**

94.    Plaintiff's Allegation.  Defendants and their co-conspirators conspired to offer artificially inflated prices for TFT-LCD Panels to HP's procurement personnel based in Houston, Texas.  The agreements reached in the United States to accept these artificially inflated prices were a direct, substantial, and reasonably foreseeable effect of Defendants' and their co-conspirators' illegal conduct.

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████

These illegally obtained agreements directly caused HP to pay supra-competitive prices for TFT-LCD Panels.

94.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 94 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 94 relate to the AUO Defendants, the AUO Defendants deny them.

95.    Plaintiff's Allegation.  As a result, the injury from purchases of the price-fixed TFT-LCD Panels is borne by HP in the United States.

95.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 95 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 95 relate to the AUO Defendants, the AUO Defendants deny them.

**F.     HP Is Entitled To Seek Damages For Purchases Made More Than Four Years Before The Filing Of This Complaint Because Defendants And Their Co-Conspirators Took Affirmative Steps To Conceal Their Price-Fixing Conspiracy.**

96.     <u>Plaintiff's Allegation.</u>  HP had no knowledge of the conspiracy to fix prices of TFT-LCD Panels until December 2006, when investigations by the DOJ and other antitrust regulators became public.  HP did not discover the existence of the conspiracy until then, and could not have discovered it through the exercise of due diligence until then.  Defendants and their co-conspirators took affirmative steps to conceal their collusive activity by keeping meetings with competitors secret and by making false public statements about the reasons for artificial price increases of TFT-LCD Panels.

96.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 96 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 96 relate to the AUO Defendants, the AUO Defendants deny them.

97.     <u>Plaintiff's Allegation.</u>  The group and bilateral meetings concerning collusive conduct were conducted in secret, maintained as confidential, and could not, in the exercise of reasonable diligence, have been discoverable by HP earlier than December 2006.

97.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 97 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 97 relate to the AUO Defendants, the AUO Defendants deny them.

98.     <u>Plaintiff's Allegation.</u>  Participants at the monthly crystal meetings described above agreed to keep them secret.  The location of a meeting was sometimes circulated only the day before the event in order to avoid detection.  At the CEO group meetings, participants were not allowed to distribute notes and they left meetings one by one, rather than as a group, in order to conceal their actions.

98.     **AUO Defendants' Response:**  To the extent the allegations of Paragraph 98 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

their truth, and therefore deny them.  To the extent the allegations in Paragraph 98 relate to the AUO Defendants, the AUO Defendants deny them.

99.    Plaintiff's Allegation.  Participants at crystal meetings also agreed to pretextual reasons for price increases of TFT-LCD Panel's.  They agreed to lie to the media in the United States and elsewhere by reporting that their fabs were operating at full capacity even when they were not, in order to create the appearance of a supply shortage.  For example:

99.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 99 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 99 relate to the AUO Defendants, the AUO Defendants deny them.

100.    Plaintiff's Allegation.  On January 14, 2002, Bruce Berkoff, executive vice president of LG Philips LCD, gave an interview to CNET News.  He reported that price increases of TFT-LCD Panels were due to supply shortages and claimed that "demand grew so fast that supply can't keep up."

100.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 100 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 100 relate to the AUO Defendants, the AUO Defendants deny them.

101.    Plaintiff's Allegation.  In addition, in an interview with Taiwan Economic News in October 2001, Chen Shuen-Bin, President of AUO, and Hsu Jen-Ting, a Vice President at Chi Mei, blamed "component shortages due to the late expansion of fifth generation production lines and new demand from the replacement of traditional cathode ray tubes with LCD monitors."

101.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 101 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 101 relate to the AUO Defendants, the AUO Defendants deny them.

102.    Plaintiff's Allegation.  At the time these statements were made, HP had no reason to disbelieve the statements.  Furthermore, because most of the explanations provided by Defendants and

their co-conspirators involved non-public and/or proprietary information completely within the control of those companies, HP could not verify the accuracy of the statements.  The purported reasons given by Defendants and their co-conspirators for the price increases of TFT-LCD Panels were materially false and misleading and were made for the purpose of concealing the price-fixing conspiracy.

102.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 102 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 102 relate to the AUO Defendants, the AUO Defendants deny them.

103.    Plaintiff's Allegation.  As a result, HP is entitled to seek damages for its purchases of TFT-LCD Panels from Defendants and their co-conspirators during the Conspiracy Period.

103.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 103 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 103 relate to the AUO Defendants, the AUO Defendants deny them.

## FIRST CAUSE OF ACTION
### (VIOLATION OF SECTION 1 OF THE SHERMAN ACT, 15 U.S.C. § 1)

104.    Plaintiff's Allegation.  HP incorporates by reference paragraphs 1 through 103 of this Complaint, though fully set forth in this paragraph.

104.    **AUO Defendants' Response:**  The AUO Defendants incorporate by reference all of the above responses as if fully set forth herein.

105.    Plaintiff's Allegation.  Beginning at least as early as January 1, 1996 and continuing through at least December 11, 2006, the exact dates being unknown to HP, Defendants and their co-conspirators entered into a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for TFT-LCD Panels in the United States and elsewhere, in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

105.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 105 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

1  belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 105 relate to

2  the AUO Defendants, the AUO Defendants deny them.

3      106.   Plaintiff's Allegation.  HP is informed and believes, and thereon alleges, that in

4  formulating and carrying out the alleged agreement, understanding, and conspiracy, Defendants and

5  their co-conspirators did those things that they combined and conspired to do, including:

6          a.   participating in meetings and conversations, in the United States and elsewhere, to

7              fix, raise, maintain, and/or stabilize the price of TFT-LCD Panels;

8          b.   communicating in writing, in the United States and elsewhere, to fix, raise, maintain,

9              and/or stabilize the price of TFT-LCD Panels;

10         c.   restricting supply of TFT-LCD Panels in order to artificially inflate the price of TFT-

11             LCD Panels;

12         d.   issuing price announcements and price quotations, in the United States and elsewhere,

13             in accordance with illegal conspiratorial conduct;

14         e.   negotiating and entering into agreements with HP in Texas and California to sell

15             TFT-LCD Panels at artificially inflated prices;

16         f.   selling TFT-LCD Panels to HP and other customers in the United States and

17             elsewhere at artificially inflated prices;

18         g.   exchanging information, in the United States and elsewhere, on prices for TFT-LCD

19             Panels sold to HP and other customers for the purpose of monitoring and enforcing

20             adherence to the illegal agreements; and

21         h.   providing false statements to the public, in the United Stales and elsewhere, to

22             explain increased prices for TFT-LCD Panels.

23     106.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 106 relate to

24  Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

25  belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 106 relate to

26  the AUO Defendants, the AUO Defendants deny them.

27

28

107. <u>Plaintiff's Allegation</u>. As a direct result of Defendants' and their co-conspirators' illegal conduct alleged above, price competition in the sale of TFT-LCD Panels has been restrained, suppressed, and/or eliminated in the United States. HP was damaged in its business and property in that, during the Conspiracy Period, HP purchased TFT-LCD Panels from Defendants and their co-conspirators and paid more for TFT-LCD Panels than it would have in the absence of Defendants' and their co-conspirators' illegal price-fixing.

107. **AUO Defendants' Response:** To the extent the allegations of Paragraph 107 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them. To the extent the allegations in Paragraph 107 relate to the AUO Defendants, the AUO Defendants deny them.

108. <u>Plaintiff's Allegation</u>. Defendants' and their co-conspirators' conduct involved United States import trade or commerce.

108. **AUO Defendants' Response:** To the extent the allegations of Paragraph 108 relate to other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them. To the extent the allegations in Paragraph 108 relate to the AUO Defendants, the AUO Defendants deny them.

109. <u>Plaintiff's Allegation</u>. Defendants' and their co-conspirators' conduct had a direct, substantial, and reasonably foreseeable effect on United States domestic commerce that directly resulted in the injuries suffered by HP and gave rise to HP's antitrust claims.

109. **AUO Defendants' Response:** To the extent the allegations of Paragraph 109 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them. To the extent the allegations in Paragraph 109 relate to the AUO Defendants, the AUO Defendants deny them.

110. <u>Plaintiff's Allegation</u>. HP has been injured and will continue to be injured by paying artificially inflated prices for TFT-LCD Panels purchased from Defendants, their co-conspirators, and others should the conspiracy continue.

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

110.  **AUO Defendants' Response:**  To the extent the allegations of Paragraph 110 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 110 relate to the AUO Defendants, the AUO Defendants deny them.

111.  Plaintiff's Allegation.  Because HP has suffered injury as a direct, proximate, and foreseeable result of Defendants' and their co-conspirators' conspiracy to fix the price of TFT-LCD Panels, HP is entitled to damages under Section 4 of the Clayton Act (15 U.S.C. § 15) for its purchases of TFT-LCD Panels produced by Defendants and their co-conspirators.

111.  **AUO Defendants' Response:**  To the extent the allegations of Paragraph 111 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 111 relate to the AUO Defendants, the AUO Defendants deny them.

112.  Plaintiff's Allegation.  Because HP faces serious risk of future injury, HP is entitled to an injunction under Section 16 of the Clayton Act (15 U.S.C. § 26) against Defendants, preventing and restraining the violations alleged herein.  Defendants continue to manufacture TFT-LCD Panels, and the market for production and sale of TFT-LCD Panels remains highly concentrated and susceptible to collusion.  Defendants continue to have the incentive to collude to increase or stabilize TFT-LCD Panel prices, and Defendants' and their co-conspirators' conspiracy to fix the price of TFT-LCD Panels could be easily repeated and concealed from HP.

112.  **AUO Defendants' Response:**  To the extent the allegations of Paragraph 112 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 112 relate to the AUO Defendants, the AUO Defendants deny them.

113.  Plaintiff's Allegation.  HP has sustained actual damages of over $1,000,000,000, with an exact amount to be determined at trial.

113.  **AUO Defendants' Response:**  The AUO Defendants deny the allegations of Paragraph 113.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE CALIFORNIA CARTWRIGHT ACT, CAL. BUS. & PROF. CODE §§ 16700 ET SEQ.)

114.    Plaintiff's Allegation.  HP incorporates by reference paragraphs 1 through 113 of this Complaint, as though fully set forth in this paragraph.

114.    **AUO Defendants' Response:**  The AUO Defendants incorporate by reference all of the above responses as if fully set forth herein.

115.    Plaintiff's Allegation.  Beginning at least as early as January 1, 1996 and continuing through at least December 11, 2006, the exact dates being unknown to HP, Defendants and their co-conspirators entered into and engaged in a continuing unlawful trust in restraint of trade and commerce to artificially raise, fix, maintain, and/or stabilize prices for TFT-LCD Panels in California and elsewhere in violation of the California Business & Professions Code §§ 16700 et seq.

115.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 115 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 115 relate to the AUO Defendants, the AUO Defendants deny them.

116.    Plaintiff's Allegation.  HP is informed and believes, and thereon alleges, that in formulating and carrying out the alleged unlawful trust in restraint of trade and commerce, Defendants and their co-conspirators did those things that they combined and conspired to do, including:

        a.    participating in meetings and conversations, in California and elsewhere, to fix, raise, maintain, and/or stabilize the price of TFT-LCD Panels;

        b.    communicating in writing, in California and elsewhere, to fix, raise, maintain, and/or stabilize the price of TFT-LCD Panels;

        c.    restricting supply of TFT-LCD Panels in order to artificially inflate the price of TFT-LCD Panels;

        d.    issuing price announcements and price quotations, in California and elsewhere, in accordance with illegal conspiratorial conduct;

        e.    negotiating and entering into agreements with HP in California to sell TFT-LCD

Panels at artificially inflated prices;

f.   selling TFT-LCD Panels to HP and other customers, in California and elsewhere, at artificially inflated prices;

g.   exchanging information, in California and elsewhere, on prices for TFT-LCD Panels sold to HP and other customers for the purpose of monitoring and enforcing adherence to the illegal agreements; and

h.   providing false statements to the public, in California and elsewhere, to explain increased prices for TFT-LCD Panels.

116.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 116 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 116 relate to the AUO Defendants, the AUO Defendants deny them.

117.   Plaintiff's Allegation.  As a direct result of the unlawful conduct of Defendants and their co-conspirators and the illegal agreements alleged above, HP was damaged in its business and property in that, during the Conspiracy Period, it purchased TFT-LCD Panels from Defendants and their co-conspirators and paid more for TFT-LCD Panels than it would have in the absence of Defendants' and their co-conspirators' illegal price-fixing.

117.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 117 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 117 relate to the AUO Defendants, the AUO Defendants deny them.

118.   Plaintiff's Allegation.  To the extent that any of the purchases of TFT-LCD Panels by HP are found to be indirect purchases, HP is entitled to recover damages based on such purchases pursuant to this action.

118.   **AUO Defendants' Response:**  The AUO Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore deny them.

119.    <u>Plaintiff's Allegation</u>.  As a result of Defendants' violation of the California Business &
Professions Code §§ 16700 et seq., HP is entitled to treble damages and costs of suit, including
reasonable attorneys' fees, pursuant to Section 16750(a).

119.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 119 relate to
Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a
belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 119 relate to
the AUO Defendants, the AUO Defendants deny them.

120.    <u>Plaintiff's Allegation</u>.  HP has sustained actual damages of over $1,000,000,000, with an
exact amount to be determined at trial.

120.    **AUO Defendants' Response:**  The AUO Defendants deny the allegations of Paragraph
120.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)

121.    <u>Plaintiff's Allegation</u>.  HP incorporates by reference paragraphs 1 through 120 of this
Complaint, as though fully set forth in this paragraph.

121.    **AUO Defendants' Response:**  The AUO Defendants incorporate by reference all of the
above responses as if fully set forth herein.

122.    <u>Plaintiff's Allegation</u>.  HP is informed and believes, and thereon alleges, that Defendants
committed and continued to commit acts of unfair competition, as defined in California Business &
Professions Code §§ 17200 et seq., by engaging in the acts or practices specified in paragraphs 1
through 121 above.

122.    **AUO Defendants' Response:**  To the extent the allegations of Paragraph 122 relate to
other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to
their truth, and therefore deny them.  To the extent the allegations in Paragraph 122 relate to the AUO
Defendants, the AUO Defendants deny them.

123.    <u>Plaintiff's Allegation</u>.  This Complaint is filed, and these proceedings are pursuant to
Sections 17203 and 17204 of the California Business & Professions Code, to obtain restitution from

Defendants of all revenues, earnings, profits, compensation, and benefits which they obtained as a result of their unlawful, unfair, and fraudulent conduct.

123.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 123 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 123 relate to the AUO Defendants, the AUO Defendants deny them.

124.   Plaintiff's Allegation.  The unlawful, unfair, and fraudulent business practices of Defendants, as alleged above, injured HP and members of the public in that Defendants' conduct restrained competition, causing HP and others to pay supra-competitive and artificially inflated prices for TFT-LCD Panels.

   a.   Defendants' Unlawful Business Practices: As alleged, Defendants violated Section 1 of the Sherman Act and the California Cartwright Act by entering into and engaging in a continuing unlawful trust in restraint of trade and commerce.  Defendants illegally conspired, combined, and agreed to fix, raise, maintain, and/or stabilize prices, and to restrict the output of TFT-LCD Panels.

   b.   Defendants' Unfair Business Practices: As alleged above, Defendants violated Section 1 of the Sherman Act and the California Cartwright Act by entering into and engaging in a continuing unlawful trust in restraint of trade and commerce. Defendants illegally conspired, combined, and agreed to fix, raise, maintain, and/or stabilize prices, and to restrict the output of TFT-LCD Panels.

   c.   Defendants' Fraudulent Business Practices: As alleged above, Defendants took affirmative actions to conceal their collusive activity by keeping meetings with co-conspirators secret and making false public statements about the reasons for artificially inflated prices of TFT-LCD Panels.  Members of the public were likely to be deceived, and HP was in fact deceived by Defendants' fraudulent actions.  As a result of Defendants' unfair competition, HP suffered injury in fact and has lost money or property.

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

124.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 124 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 124 relate to the AUO Defendants, the AUO Defendants deny them.

125.   _Plaintiff's Allegation._  Accordingly, in addition to other relief, HP is entitled to restitution and injunctive relief to address the illegal conduct alleged herein.

125.   **AUO Defendants' Response:**  The AUO Defendants deny the allegations of Paragraph 125.

126.   _Plaintiff's Allegation._  HP has sustained actual damages of over $1,000,000,000 with an exact amount to be determined at trial.

126.   **AUO Defendants' Response:**  The AUO Defendants deny the allegations of Paragraph 126.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE TEXAS FREE ENTERPRISE AND ANTITRUST ACT, TEX. BUS. & COM. CODE §§ 15.01 ET SEQ.)

127.   _Plaintiff's Allegation._  HP incorporates by reference paragraphs 1 through 126 of this Complaint, as though fully set forth in this paragraph.

127.   **AUO Defendants' Response:**  The AUO Defendants incorporate by reference all of the above responses as if fully set forth herein.

128.   _Plaintiff's Allegation._  Beginning at least as early as January 1, 1996 and continuing through at least December 11, 2006, the exact dates being unknown to HP, Defendants and their co-conspirators entered into a continuing agreement, combination, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for TFT-LCD Panels in Texas and elsewhere, in violation of the Texas Free Enterprise and Antitrust Act of 1983 (Tex. Bus. & Com. Code §§ 15, et. seq.).

128.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 128 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

1   belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 128 relate to

2   the AUO Defendants, the AUO Defendants deny them.

3        129.   Plaintiff's Allegation.  HP is informed and believes, and thereon alleges, that in

4   formulating and carrying out the alleged agreement, combination, and conspiracy, Defendants and their

5   co-conspirators did those things that they combined and conspired to do, including:

6        a.   participating in meetings and conversations, in Texas and elsewhere, to fix raise,

7             maintain, and/or stabilize the price of TFT-LCD Panels;

8        b.   communicating in writing, in Texas and elsewhere, to fix, raise, maintain, and/or

9             stabilize the price of TFT-LCD Panels;

10       c.   restricting supply of TFT-LCD Panels in order to artificially inflate the price of TFT-

11            LCD Panels;

12       d.   issuing price announcements and price quotations, in Texas and elsewhere, in

13            accordance with illegal conspiratorial conduct;

14       e.   negotiating and entering into agreements with HP in Texas to sell TFT-LCD Panels at

15            artificially inflated prices;

16       f.   selling TFT-LCD Panels to HP and other customers, in Texas and elsewhere, at

17            artificially inflated prices;

18       g.   exchanging information, in Texas and elsewhere, on prices for TFT-LCD Panels sold

19            to HP and other customers for the purpose of monitoring and enforcing adherence to

20            the illegal agreements; and

21       h.   providing false statements to the public, in Texas and elsewhere, to explain increased

22            prices for TFT-LCD Panels.

23       129.   **AUO Defendants' Response:**  To the extent the allegations of Paragraph 129 relate to

24   Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a

25   belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 129 relate to

26   the AUO Defendants, the AUO Defendants deny them.

27

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

130.  <u>Plaintiff's Allegation.</u>  As a direct result of Defendants' and their co-conspirators' illegal agreements alleged above, price competition in the sale of TFT-LCD Panels has been restrained, suppressed, and/or eliminated in Texas and elsewhere.  HP was damaged in its business and property in that, during the Conspiracy Period, HP purchased TFT-LCD Panels from Defendants and their co-conspirators and paid more for TFT-LCD Panels than it would have in the absence of Defendants' and their co-conspirators' illegal price-fixing.

130.  **AUO Defendants' Response:**  To the extent the allegations of Paragraph 130 relate to Plaintiff or other defendants, the AUO Defendants lack knowledge or information sufficient to form a belief as to their truth, and therefore deny them.  To the extent the allegations in Paragraph 130 relate to the AUO Defendants, the AUO Defendants deny them.

131.  <u>Plaintiff's Allegation.</u>  As a result of Defendants' willful and flagrant conduct in violation of Texas Business & Commerce Code §§ 15 et seq., HP is entitled to treble damages and costs of suit, including reasonable attorneys' fees, pursuant to Section 15.21(a)(1).

131.  **AUO Defendants' Response:**  The AUO Defendants deny the allegations of Paragraph 131.

132.  <u>Plaintiff's Allegation.</u>  HP has sustained actual damages of over $1,000,000,000, with an exact amount to be determined at trial.

132.  **AUO Defendants' Response:**  The AUO Defendants deny the allegations of Paragraph 132.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof it would not otherwise bear, the AUO Defendants assert the following additional and/or affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Waiver, Estoppel, and/or Laches)

3      Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by

4  the doctrines of waiver, estoppel, and/or laches.

5

## THIRD AFFIRMATIVE DEFENSE

6

### (Unclean Hands)

7      Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by

8  the equitable doctrine of unclean hands.

9

## FOURTH AFFIRMATIVE DEFENSE

10

### (Remedies Unconstitutional, Unauthorized or Contrary to Public Policy)

11      Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part,

12  because the remedies sought are unconstitutional, contrary to public policy, or are otherwise

13  unauthorized.

14

## FIFTH AFFIRMATIVE DEFENSE

15

### (Absence of Damages)

16      Plaintiff's claims should be dismissed because Plaintiff has suffered no injury or damages as a

17  result of the matters alleged in the Complaint.  To the extent that Plaintiff purportedly suffered injury or

18  damage, which the AUO Defendants specifically deny, the AUO Defendants further contend that any

19  such purported injury or damage was not by reason of any act or omission of the AUO Defendants.

20

## SIXTH AFFIRMATIVE DEFENSE

21

### (No Antitrust Injury)

22      Plaintiff's claims should be dismissed because Plaintiff has not suffered actual, cognizable

23  antitrust injury of the type antitrust laws are intended to remedy.

24

## SEVENTH AFFIRMATIVE DEFENSE

25

### (Uncertainty of Damages)

26      Plaintiff's claims should be dismissed because the alleged damages sought are too speculative

27  and uncertain, and cannot be practicably ascertained or allocated.

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

## EIGHTH AFFIRMATIVE DEFENSE

2

### (Failure to Mitigate Damages)

3       Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take all

4  necessary, reasonable, and appropriate actions to mitigate its alleged damages, if any.

5

## NINTH AFFIRMATIVE DEFENSE

6

### (Statute of Limitations)

7       Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by

8  the applicable statute(s) of limitations.

9

## TENTH AFFIRMATIVE DEFENSE

10

### (Unjust Enrichment)

11      Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part,

12  because Plaintiff would be unjustly enriched if it were allowed to recover any part of the damages

13  alleged in the Complaint.

14

## ELEVENTH AFFIRMATIVE DEFENSE

15

### (Adequate Remedy at Law)

16      Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an

17  adequate remedy at law.

18

## TWELFTH AFFIRMATIVE DEFENSE

19

### (Competition)

20      Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because

21  any action taken by or on behalf of the AUO Defendants was justified, constituted bona fide business

22  competition and was taken in pursuit of their own legitimate business and economic interests, and is

23  therefore privileged.

24

## THIRTEENTH AFFIRMATIVE DEFENSE

25

### (Non-Actionable or Governmental Privilege)

26      Plaintiff's claims are barred, in whole or in part, because the alleged conduct of the AUO

27  Defendants that is the subject of the Complaint was caused by, due to, based upon, or in response to

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which the AUO Defendants specifically deny, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than the AUO Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, by Plaintiff's acquiescence in and/or confirmation of any and all conduct and/or omissions alleged as to the AUO Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous, and/or unintelligible. The AUO Defendants aver that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit the AUO Defendants to ascertain what other defenses may exist. The AUO Defendants therefore reserve the right to amend their Answer to assert additional defenses and/or supplement, alter, or change their Answer and/or defenses upon the discovery of more definitive facts upon the completion of their investigation and discovery.

1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

2

**(Lack of Standing to Sue for Injuries Alleged)**

3      Plaintiff's claims should be dismissed, in whole or in part, to the extent Plaintiff lacks standing to

4  sue for the injuries alleged in the Complaint.

5

**NINETEENTH AFFIRMATIVE DEFENSE**

6

**(Competition Not Harmed)**

7      Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part,

8  because the AUO Defendants' actions did not lessen competition in the relevant market.

9

**TWENTIETH AFFIRMATIVE DEFENSE**

10

**(Intervening or Superseding Acts of Third Parties)**

11      Plaintiff's purported damages, if any, resulted from the acts or omissions of third parties over

12  whom the AUO Defendants had no control or responsibility.  The acts of such third parties constitute

13  intervening or superseding causes of harm, if any, suffered by Plaintiff.

14

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

15

**(Injury or Damages Offset by Benefits Received)**

16      Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part,

17  because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the

18  challenged conduct.

19

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

20

**(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)**

21      Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part,

22  because Plaintiff has failed to allege fraud or fraudulent concealment with sufficient particularity.

23

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

24

**(Failure to Plead Conspiracy with Particularity)**

25      Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part,

26  because Plaintiff has failed to allege conspiracy with sufficient particularity.

27

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Set-Off)

3    Without admitting that Plaintiff is entitled to recover damages in this matter, the AUO

4  Defendants are entitled to set off from any recovery Plaintiff may obtain against the AUO Defendants

5  any amount paid to by any other defendants who have settled, or do settle, Plaintiff's claims in this

6  matter.

7

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

8

### (Failure to State a Claim for Injunctive Relief)

9    Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part,

10  because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin

11  alleged events that have already transpired without the requisite showing of threatened harm or

12  continuing harm.

13

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

14

### (Lack of Jurisdiction)

15    Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part,

16  because any alleged conduct of the AUO Defendants occurred outside of the personal jurisdiction or

17  subject-matter jurisdiction of the Court.

18

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

19

### (No Attorney Fees Allowed)

20    An award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed

21  under applicable federal or state law.

22

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

23

### (Due Process Violation)

24    To the extent Plaintiff purports to seek relief on behalf of members of the general public who

25  have suffered no damages, the Complaint and each of its claims for relief therein violate the AUO

26  Defendants' right to due process under the California and United States Constitutions.

27

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Justification)

Plaintiff's claims are barred, in whole or in part, because any conduct engaged in by the AUO Defendants has been reasonable, based upon independent, legitimate business and economic justifications, and without any purpose or intent to injure competition

### THIRTIETH AFFIRMATIVE DEFENSE

### (Ultra Vires Conduct)

Plaintiff's claims against the AUO Defendants are barred, in whole or in part, because all such conduct would have been committed by individuals acting ultra vires.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiff's claims are barred, in whole or in part, because any injury or damage alleged in the Complaint, if any, was passed on to persons or entities other than Plaintiff.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Unreasonable Restraint of Trade)

Plaintiff's claims are barred, in whole or in part, because any actions taken by the AUO Defendants have not unreasonably restrained trade.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Compliance with FTC Rules, Regulations and Statutes)

Any alleged conduct by the AUO Defendants has complied with the rules and regulations of, and the statutes administered by, the Federal Trade Commission or other official departments, divisions, commissions, or agencies of the United States as such rules, regulations or statutes are interpreted by the Federal Trade Commission or such departments, divisions, commissions or agencies, or the federal courts.

1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Duplicative Damages)

3      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks damages that

4   are duplicative of damages sought in other actions.

5

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

6

### (Voluntary Payment Doctrine)

7      Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine, under which

8   one cannot recover payments made with full knowledge of the facts.

9

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

10

### (Lack of Market Power)

11      Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege or prove

12   that the AUO Defendants possessed or possesses market power in any legally cognizable relevant

13   market.

14

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

15

### (Improper Venue)

16      Plaintiff's claims are barred, in whole or in part, because venue in the Northern District of

17   California is improper with respect to the allegations, claims, and/or causes of action set forth in the

18   Complaint that arise from conduct alleged to have occurred outside of that District.

19

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

20

### (Other Causes)

21      Plaintiff's claims, if any, are barred in whole or in part because Plaintiff's losses, if any, resulted

22   from causes other than the acts and occurrences alleged in the Complaint.

23

## THIRTY-NINTH AFFIRMATIVE DEFENSE

24

### (Independent Conduct of Others)

25      Plaintiff's claims are barred, in whole or in part, because any and all injuries and damages

26   alleged in the Complaint, in which the AUO Defendants deny having any part, were caused by

27

28

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

independent conduct of one or more persons and/or entities over whom the AUO Defendants had no control and for whose actions/omissions the AUO Defendants are not responsible.

## FORTIETH AFFIRMATIVE DEFENSE

### (Indirect Purchaser)

Plaintiff is an indirect purchaser of TFT-LCD panels or products and is barred from bringing antitrust actions based on Federal antitrust law in Federal Court.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Due Diligence)

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exercise due diligence to uncover any alleged conspiracy.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Attempt to Conceal)

Plaintiff's claims are barred, in whole or in part, because the AUO Defendants made no affirmative attempt to conceal any alleged conduct.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Equal Protection)

Plaintiff's claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate the AUO Defendants' rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Double Jeopardy)

Plaintiff's claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate the AUO Defendants' rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

Plaintiff's claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate the AUO Defendants' rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Multiplicity)

To the extent any recovery by Plaintiff would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting the AUO Defendants to the possibility of multiple recovery, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

Plaintiff's claims are barred, in whole or in part, as premised upon privileged conduct or actions by the AUO Defendants.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Invalid Assignment)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff was not a direct purchaser of TFT-LCD panels, and there has not been any valid assignment of any claim to Plaintiff from any entity that is or that ever has been a direct purchaser of any TFT-LCD panel.

1

## FIFTIETH AFFIRMATIVE DEFENSE

2

### (Other Defenses Incorporated by Reference)

3       The AUO Defendants adopt and incorporate by reference any and all other additional or

4   affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent

5   that the AUO Defendants may share in such affirmative defenses.

6

## FIFTY-FIRST AFFIRMATIVE DEFENSE

7

### (Reservation of Rights to Assert Additional Defenses)

8       The AUO Defendants have not knowingly or intentionally waived any applicable defenses and

9   explicitly reserve the right to assert and rely on such other applicable defenses as may become available

10  or apparent during discovery proceedings.  The AUO Defendants further reserve the right to amend their

11  Answer and/or their defenses accordingly, and/or to delete defenses that they determine are not

12  applicable during the course of subsequent discovery.

13

## FIFTY-SECOND AFFIRMATIVE DEFENSE

14

### (Failure to Invoke Arbitration Clause)

15      To the extent Plaintiff has agreed to arbitration or chosen a different forum for the resolution of

16  its claims against AUO Defendants, its claims are barred and should be dismissed.

17

## PRAYER FOR RELIEF

18      WHEREFORE, Defendants AU Optronics Corporation and AU Optronics Corporation America

19  pray for judgment as follows:

20      1.      That Plaintiff take nothing under the Complaint, and the Complaint be dismissed with

21  prejudice;

22      2.      That judgment be entered in favor of AU Optronics Corporation and AU Optronics

23  Corporation America and against Plaintiff on each and every cause of action set forth in the Complaint;

24      3.      That AU Optronics Corporation and AU Optronics Corporation America recover their

25  costs of suit and attorneys' fees incurred herein; and

26  ///

27  ///

28

125472_2.DOC                    - 60 -                    Master File No: 3:07-md-1827 SI
                                                          Case No. 3:11-cv-04116 SI

ANSWER BY DEFENDANTS AU OPTRONICS CORPORATION AND AU OPTRONICS CORPORATION AMERICA TO
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    4.    That AU Optronics Corporation and AU Optronics Corporation America be granted such

2  other and further relief as the Court deems just and proper.

3

4  Dated:   January 23, 2012                 NOSSAMAN LLP

5

6                                      By:  /s/ Christopher A. Nedeau
                                            Christopher A. Nedeau

7
                                            Christopher a. Nedeau (State Bar No. 81297)
8                                           50 California Street, 34th Floor
                                            San Francisco, Ca  94111
9                                           Tel:  (415) 398-3600
                                            Fax: (415) 398-2438
10
                                            Attorneys for Defendants
11                                          AU OPTRONICS CORPORATION and AU
                                            OPTRONICS CORPORATION AMERICA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28